# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Allstate Insurance Company a/s/o Kevin Brown

### DEFENDANTS
Peco Energy Company

**(b)** County of Residence of First Listed Plaintiff: Cook County, IL
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia County, PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joseph L. McGlynn
de Luca Levine LLC 215-310-4731
Three Valley Square, Suite 220, Blue Bell, PA 19422

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  |  |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability |  |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
|  | ☐ 345 Marine Product Liability |  |  | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract |  | ☐ 371 Truth in Lending |  | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☒ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
|  | ☐ 362 Personal Injury - Medical Malpractice |  | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
|  |  |  |  |  | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** |  |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |  |  | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations | ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property |  | **Other:** | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  |  | ☐ 550 Civil Rights |  |  |  |
|  | ☐ 448 Education | ☐ 555 Prison Condition |  |  |  |
|  |  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C. §1332(a)(1) 28 U.S.C. §1391(d)
Brief description of cause:
Subrogation Matter involving Property Damage

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 180,357.41
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 6/26/19
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __2775 Sanders Road Northbrook, Illinois 60062__

Address of Defendant: __2301 Market Street Philadelphia, PA 19010__

Place of Accident, Incident or Transaction: __815 Williams Lane, Chadds Ford, PA 19317__

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [✓]

I certify that, to my knowledge, the within case [ ] is / [•] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __6/26/19__   _/s/ Jm. L. McGlynn_   __201181__
   *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

**B.  Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [✓] All other Diversity Cases
    *(Please specify):* __Property Damage__

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Joseph L. McGlynn__, counsel of record *or* pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __6/26/19__   _/s/ McGlynn_   __201181__
   *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Allstate Insurance Company a/s/o Kevin Brown | : | CIVIL ACTION |
| v. | : | |
| Peco Energy Company | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.           ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                 ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                           ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                              ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| 6/26/19 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-310-4731 | 215-383-0082 | jmcglynn@delucalevine.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALLSTATE INSURANCE COMPANY**<br>**a/s/o KEVIN BROWN**<br>2775 Sanders Road<br>Northbrook, Illinois 60062<br><br>Plaintiff(s),<br>v.<br><br>**PECO ENERGY COMPANY**<br>2301 Market Street<br>Philadelphia, PA 19010<br><br>Defendant(s). | **Civil Action No:**<br><br>**JURY DEMAND** |

## COMPLAINT

Plaintiff, Allstate Insurance Company a/s/o Kevin Brown, by and through undersigned counsel, hereby demands judgement against defendant, and complains against it as follows:

## PARTIES

1. Allstate Insurance Company (hereinafter "subrogee" and/or "Allstate") is an Illinois corporation engaged, at all times relevant hereto, in the business of providing property insurance.

2. At all times relevant hereto, Plaintiff provided property insurance to Kevin Brown (hereinafter "subrogors" or "Mr. Brown") owners of the property at 815 Williams Lane, Chadds Ford, PA 19317 (hereinafter the "subject property") under a policy of insurance that was in full force and effect on all relevant dates and at all relevant times.

3. In the wake of the incident described below, and as a result of a claim made on said policy, which was duly paid pursuant thereto, Allstate became subrogated to certain recovery rights and interests of Kevin Brown for monies paid thereunder, including the claims giving rise to the within cause of action.

4.      Defendant PECO Energy Company (hereinafter "PECO"), is, upon information and belief, a Pennsylvania corporation, with a principal place of business at the above-captioned address. At all times relevant hereto, PECO was engaged in, *inter alia*, the business of providing electrical utility services and sales of electricity.

## JURISDICTION AND VENUE

5.      Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between entities and/or citizens of different states. Moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

6.      Venue is proper in this district based on 28 U.S.C. §1391(d) in that the defendant is a resident who regularly conduct business in this district and is subject to personal jurisdiction.

## STATEMENT OF FACTS

7.      Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though the same were set forth at length herein.

8.      Days before November 6, 2018, a power outage occurred in Mr. Brown's surrounding neighborhood after a fallen tree downed a power line. The resulting electrical event destroyed various appliances within the home of Mr. Brown (as well as PECO's own equipment). Neighbors also reported damage to their electrical meters as a result.

9.      Even though there existed direct evidence of electrical failures which occurred in Mr. Brown's home and the meter outside, PECO restored power without first ensuring they could safely deliver electricity or that the electrical facilities were sound.

10.     On November 6, 2018, a fire erupted at the subject property after power was restored. It was later determined that the fire was the result of an arcing failure which occurred between the energized bus and the grounded back of the electrical panel at the subject property.

11. Subsequent investigation revealed that the initial electrical event had damaged the components between the electrical meter and electrical panel (i.e. insulation), which allowed carbon tracking to occur. This condition permitted a current to flow from the energized bus to the grounded back of the panel.

12. As the current flowed, additional carbon was formed and the current increased until an arc occurred between the energized bus and the grounded back of the panel. This arc then ignited the wooden board to which the main breaker panel was mounted and the fire expanded upwards into the wiring and the wall of the home above to cause this loss.

13. PECO was responsible for the safe delivery of electricity to its customers. PECO's carless acts and/or omissions caused and/or substantially contributed to the cause of the damages sustained by Plaintiff as herein complained.

## COUNT I – STRICT LIABILITY
## PLAINTIFF VS. PECO ENERGY COMPANY

14. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though the same were set forth at length herein.

15. PECO is engaged, and at all times relevant hereto was engaged, in the business of inter alia, marketing, manufacturing, selling, servicing, warranting, and distributing electrical utility services and sales of electricity, including utility services and sales of electricity involved here, to consumers such as Mr. Brown.

16. The electrical utility services were not modified, changed, altered, misused, or abused after PECO placed the product into the stream of commerce.

17. PECO knew, and intended, that the electrical utility services would be used by members of the general public, and furthermore knew of the specific uses, purposes and requirements for which said product would be utilized.

18. PECO distributed and/or sold the electricity in a defective condition, unreasonably dangerous to Plaintiff and his property, which ultimately led to a catastrophic failure and/or malfunction.

19. PECO knew or should have known that the electrical services would, and did, reach Mr. Brown without substantial change from the condition in which originally sold.

20. Mr. Brown, who was an ordinary consumer, never expected the electrical services would be unsafe or unreasonably dangerous.

21. The aforementioned defects consisted of:

   a. design defects;

   b. inadequate safeguards and protections;

   c. component defects;

   d. a failure to warn of the above defects; and/or

   e. a failure to properly instruct as to the appropriate installation, operating and maintenance procedures for safe use of the electricity.

22. The defective electricity passed through Mr. Brown's meter before causing the fire inside his home. It was later revealed that Mr. Brown's meter was also damaged.

23. For these reasons, PECO is strictly liable to Plaintiff for damage under Section 402 of the Restatement (2d) of Torts, and the applicable case law of the Commonwealth of Pennsylvania.

24. As a direct and proximate result of the aforementioned defects, Plaintiff sustained and incurred damage and harm as described above, in the amount of $180,357.41.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant PECO Energy Company, in an amount of $180,357.41, plus costs incident to this suit, delay damages and attorney

fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

### COUNT II - NEGLIGENCE
### PLAINTIFF VS. PECO ENERGY COMPANY

25. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though the same were set forth at length herein.

26. The aforementioned damages were the direct and proximate result of the negligence, carelessness of PECO, by and through its employees, agents, technicians, and/or servants, more specifically described as follows:

    a.    failing to exercise reasonable care in the following manner:

        i.    failing to properly inspect, service and/or keep safe the equipment required for the delivery of electricity to Mr. Brown's property;

        ii.    failing to properly ensure that the electrical facilities were safe including the connections from the electrical meter to the Mr. Brown's electrical panel was safe and compliant with the National Electric Code (NEC), National Electrical Safety Code (NESC);

        iii.    failure in its duty of care (the highest degree of care under the law) to Mr. Brown, when it failed to properly maintain its distribution system from damage by trees as required by Section 218 of the National Electrical Safety Code;

        iv.    failure in its duty of care to Mr. Brown by restoring electric service without inspecting or causing to have inspected the electric panel, the connections between the meter and electrical panel, and the structure wiring which was damaged by the initial electrical event;

        v.    failing to properly protect its customer, Mr. Brown, from an unsafe and dangerous condition of an improperly installed electrical line of which PECO was on notice;

        vi.    failing to properly determine that the electrical facilities at Mr. Brown's property were not in compliance with the standards set forth in subparagraph (ii) so as to prevent the fire and damages;

  vii. failing to properly prevent the fire by installing adequate protection in the event of a fault;

  viii. failing to properly perform preventative maintenance, timely replacement or repair of the electrical line to Mr. Brown's property; and

  ix. failing to properly warn or inform Mr. Brown of the need to inspect the electric panel, the connections between the meter and electrical panel, and the structure wiring when they knew or should have known of the dangerous condition

 b. failing to adequately instruct and supervise its employees, representatives, technician's and/or agents so as to avoid the problems set forth in subparagraph (a) above;

 c. failing to adequately warn Mr. Brown and others of the dangers and hazardous conditions resulting from the careless and negligent conduct set forth in subparagraph (a) above;

 d. failing to provide, establish, and/or follow proper and adequate control so as to avoid the problems enumerated in subparagraph (a) above; and/or

 e. failing to perform the services set forth in subparagraph (a) above in conformity with the prevailing industry and governmental specifications, standards, and laws, including, but not limited to, the National Electric Code (NEC), National Electrical Safety Code (NESC).

27. As a direct and proximate result of the negligence and carelessness of PECO, the insured sustained and incurred damage to his real and personal property, as well as the imposition of additional expenses and hardships, in an amount well in the amount of $180,357.41.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant PECO Energy Company, in an amount of $180,357.41, plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**COUNT III - BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
OR FITNESS FOR A PARTICULAR PURPOSE
PLAINTIFF VS. PECO ENERGY COMPANY**

28. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though the same were set forth at length herein.

29. In conjunction with the sale and distribution of electricity, PECO expressly and implicitly warranted that it would be free from defects, merchantable and safe to use for its general and intended purposes.

30. At the time of contracting for the sale and/or distribution of the electricity, PECO had reason to know the particular purpose to which the electricity would be used and knew that its skill and judgment was being relied upon to furnish a suitable product. Thus, PECO breached the implied warranty of fitness for a particular purpose as set out in the Uniform Commercial Code (hereinafter "UCC") 13 Pa.C.S.A. §2-315 in that the subject product was not fit for the particular purpose for which such products are required.

31. In addition, PECO breached its implied warranty of merchantability as set out in 13 Pa.C.S.A.§ 2-314(c) in that the subject product was not fit for the ordinary uses for which the subject product was used.

32. In addition, PECO breached any and all express warranties made or relating to the subject property that became part of the basis of the bargain for sale of the product in derogation of 13 Pa.C.S.A.§2-313.

33. Plaintiff's damages occurred as a direct and proximate result of PECO's breach of its implied warranties of fitness for a particular purpose and merchantability as set out in 13 Pa.C.S.A.§2-315 and §2-314(c) as a result of PECO's breach of their expressed warranties in derogation of 13 Pa.C.S.A.§2-313.

34. Based upon the above, PECO breached these implied and/or statutory warranties, as well as express warranties provided with the product.

35. As a direct and proximate result of such breach(es), Mr. Brown sustained and incurred damage to personal property, as well as the imposition of additional expenses and hardship, in the amount of $180,357.41.

36. Plaintiff had and has performed all conditions precedent to recover based upon such breaches.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant PECO Energy Company, in an amount of $180,357.41, plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

de LUCA LEVINE LLC

BY: _____

**JOSEPH L. MCGLYNN, ESQUIRE**
PA ID: 201181
Three Valley Square, Suite 220
Blue Bell, PA 19422
215-383-0081
215-383-0082 (fax)
jmcglynn@delucalevine.com
**ATTORNEYS FOR PLAINTIFF**

**Dated:** June 26, 2019